**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **UNITED STATES LIABILITY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Case No.** 2:23-cv-02148-BHH |
| ) | _____ |
| **KWM ENTERPRISES, LLC d/b/a** ) | **COMPLAINT FOR DECLARATORY** |
| **RAVENEL MOBILE HOME PARK;** ) | **RELIEF** |
| **STEVE C. MILLER; KAREN MILLER** ) | |
| **QUIWANNA MUNGIN; AND JESSICA** ) | |
| **HAYNES** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

COMES NOW Plaintiff United States Liability Insurance Company ("USLI") and files this Complaint for Declaratory Relief against KWM Enterprises, LLC d/b/a Ravenel Mobile Home Park ("KWM"), Steve C. Miller, and Karen Miller (Steve and Karen Miller together as the "Millers"), Quiwanna Mungin, and Jessica Haynes (Quiwanna Mungin and Jessica Haynes together as the "Underlying Plaintiffs") (Defendants altogether "Defendants"), pursuant to Fed. R. Civ. P. 57, to determine the rights and obligations of the parties, alleging and showing as follows:

### NATURE OF THIS ACTION

1.      This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving a Commercial General Liability insurance policy that USLI issued to KWM, bearing policy no. CL 1720305 and effective from September 16, 2015, to September 16, 2016 ("Policy").

2.      USLI seeks a declaration that no coverage is available to Defendants under the Policy in connection with that certain lawsuit, which is captioned *Mungin, et al. v. KWM Enterprises, LLC d/b/a Ravenel Mobile Home Park, et al.*, No. 2019-CP-1002459, before the Court of Common Pleas, Ninth Judicial Circuit, County of Charleston, South Carolina ("Underlying Action" or "Mungin Action"), and which arises from an incident that occurred on May 17, 2016, during which Kenneth Ancrum, a resident of Ravenel Mobile Home Park ("Park"), fatally shot three individuals (including one individual who was pregnant with twins) and shot and attempted to kidnap a fourth individual while on the Park property.

## THE PARTIES

3.      USLI is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Wayne, Pennsylvania.

4.      Upon information and belief, KWM is a limited liability company incorporated and domiciled in the State of South Carolina, with their principal places of business in Charleston, South Carolina.

5.      Upon information and belief, the Millers are citizens of and domiciled in the State of South Carolina.

6.      Upon information and belief, the Quiwanna Mungin and Jessica Haynes are citizens of and domiciled in the State of South Carolina.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000).  The Court further has jurisdiction under the Federal Declaratory Judgment Act,

28 U.S.C. § 2201, *et seq.*, because there is a present controversy regarding the parties' rights and obligations with respect to the application of the subject policy of insurance issued to KWM.

8.     This Court has personal jurisdiction over Defendants because KWM is a limited liability company incorporated and domiciled in the state of South Carolina, and the Millers and Underlying Plaintiffs are domiciled in the State of South Carolina.  Further, personal jurisdiction exists because this action seeks a declaration with respect to a policy of insurance, which, upon information and belief, Defendants contend affords coverage for the alleged liability of Defendants in the Mungin Action.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this action seeks a declaration respecting the application of a policy of insurance issued to KWM in the District, and Defendants' alleged liability for a shooting that occurred in the District.

## THE UNDERLYING OCCURRENCE

10.     Ravenel Mobile Home Park is the fictitious name of KWM, which at all relevant times has operated the Park located at 5360 Savannah Highway, in Ravenel, South Carolina.

11.     On May 17, 2016, Kenneth Ancrum, a resident of Ravenel Mobile Home Park, which is owned and operated by KWM, traveled to Park lot #48, where he shot and killed the following individuals, each of whom resided inside a trailer situated on that lot: (i) Betty Mungin; (ii) Alexis Mungin, who as pregnant with twins at the time of her death; and (iii) Armani Mungin. Charleston County Incident Report, attached and incorporated herein by reference as Exhibit A.

12.     Mr. Ancrum shot each of these individuals in the head with a handgun.  Ex. A.

13.     Additionally, Mr. Ancrum pursued and shot Quiwanna Mungin, who also lived in the trailer situated on lot #48, inflicting non-fatal wounds; Mr. Ancrum then attempted to kidnap Quiwanna Mungin in his vehicle.   Ex. A.

14.　　Mr. Ancrum was apprehended by police before he could leave the Park property.

15.　　Jessica Haynes, who also lived in the trailer situated on lot #48, advised investigating officers that she had pleaded with Mr. Ancrum for her life before escaping the trailer. Ex. A.

16.　　Following his arrest, Mr. Ancrum was charged with five counts of murder, one count of attempted murder, one count of kidnapping, and one count of possession of a weapon during the commission of a violent crime.　Ex. A.

17.　　On November 2, 2017, Mr. Ancrum pled guilty to each of these eight charges in the Court of General Sessions, Ninth Judicial Circuit, County of Charleston, South Carolina.　Mr. Ancrum was sentenced for these crimes and is now serving life imprisonment without parole.

## THE UNDERLYING ACTION

18.　　On May 13, 2019, Underlying Plaintiffs filed their Complaint in the Underlying Action, which is attached and incorporated herein by reference as Exhibit B.

19.　　Therein, the Underlying Plaintiffs alleged KWM and the Millers, as KWM's owners and operators, "acting within the course and scope of their employment, as a result of the negligent hiring, negligent training, and negligent retention of the employees by [KWM and the Millers], allowed a resident and tenant of the Ravenel Mobile Home Park, Kenneth Ancrum, to interact with the [Underlying] Plaintiffs in a grossly negligent manner resulting in injuries to the [Underlying] Plaintiffs" on May 17, 2016.　*See* Ex. B, ¶ 10.

20.　　The Underlying Plaintiffs allege that "[a]s a direct and proximate result of [KWM's and the Millers'] employees' acts and omissions, the [Underlying] Plaintiffs suffered severe injuries which required medical treatment, together with such other damages to be proven in [the Underlying Suit]."　*See Id.* ¶ 16.

4

21.    With particular regard to each of their seven causes of action (*i.e.*, negligence, negligent misrepresentation, negligent hiring, negligent supervision, negligent retention, violation of South Carolina Unfair Trade Practices, and negligent undertaking), the Underlying Plaintiffs allege identical injuries and damages arising from the acts and omissions by which KWM and the Millers improperly allowed Mr. Ancrum to cause them harm:

> As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of [KWM and the Millers], through their agents, servants and/or employees, the [Underlying] Plaintiffs have suffered great harm which have and will cause them to undergo *physical pain and suffering*; have and will cause them to spend money for *medical treatment and medication*; have and will cause them to suffer permanent *physical and mental injuries* which they must bear for the rest of their lives.  The [Underlying] Plaintiffs have also suffered in the form of past and future lost wages.

*See Id.* ¶¶ 22, 29, 34, 39, 44, 53, 58 (emphases added)).

21.    Deposition testimony from the Underlying Plaintiffs and Devonte Haynes, which is attached and incorporated herein by reference as Exhibits C, D, and E likewise confirms their damages relate to having been injured by a shooting by Mr. Ancrum on May 17, 2016.  USLI attaches and incorporates herein by reference as Exhibit "C" the March 3, 2022 deposition of Devonte Haynes from the Underlying Action, as Exhibit "D" the December 19, 2019 deposition of Quiwanna R. Mungin from the Underlying Action, and as Exhibit "E" the December 19, 2019 deposition of Jessica Haynes.

**THE POLICY**

22.    The Policy at issue, which is attached and incorporated by reference as Exhibit F, obligates USLI to "pay those sums that the insured [*i.e.*, KWM] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Policy, CG 00 01 12 07, p. 1.

23.    The Policy contains an ASSAULT or BATTERY EXCLUSION ("AB Exclusion"),

which expressly states that "[t]his insurance does *not* apply to":

> Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

Policy, L 461 (12-11), p. 1 (emphasis added).

24.    The AB Exclusion goes on to state as follows:

> This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threated or actual including but not limited to "assault" or "battery" arising out of or cause in whole or in party by negligence or other wrongdoing with respect to:
>
> a.    *hiring*, placement, employment, *training*, *supervision* or *retention* of a person for whom any insured is or ever was legally responsible; or
> b.    investigation or reporting any "assault" or "battery" to the proper authorities; or
> c.    the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or
> d.    any *acts or omissions of any insured, its "employees", agents*, officers, directors, patrons or other persons resulting from any "assault" or "battery" and occurring subsequent in time thereto *which caused or are alleged to have caused, directly or indirectly, any "bodily injury" . . . to any person*.
>
> This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect person(s) or property.

*Id.*

25.    By Endorsement titled "Expanded Definition of Bodily Injury," the Policy defines

"bodily injury" to mean:

    a.   bodily injury,
    b.   sickness,
    c.   disease, or
    d.   mental anguish or emotional distress arising out of a., b., or c., above,
        sustained by a person, including death resulting from any of these at any
        time.

Policy, L 610 (11/04), p. 1.

26.     The AB Exclusion itself also states:

 "Assault" means the threat of, or use of force on another that causes that person to
have apprehension of imminent harmful or offensive conduct, whether or not the
threat of force is alleged to be negligent, intentional or criminal in nature.
"Battery" means negligent or intentional physical contact with another without
consent that results in physical or emotional injury.

Policy, L 461 (12-11), p. 1.

## COUNT I
## DECLARATORY JUDGMENT

27.     USLI restates and re-alleges Paragraphs 1 through 27 as though fully set forth herein.

28.     USLI has no obligation to defend or indemnify Defendants under the Policy based upon the AB Exclusion because the Mungin Action alleges that the Underlying Plaintiffs have suffered "great harm which have and will cause them to undergo physical pain and suffering" as a result of Mr. Ancrum's criminal actions, which amount to an assault and battery under the policy.

29.     Further, the deposition testimony from the Underlying Plaintiffs confirms their damages relate to having been injured by Mr. Ancrum on May 17, 2016, such that coverage is excluded based upon the AB Exclusion.  *See* Ex. C; Ex. D; Ex. E.

30.     USLI is informed and believes that Defendants nonetheless contend that the Policy affords coverage for the alleged liability in the Mungin Action.  As such, an actual and present dispute exists between USLI and Defendants as to whether USLI is obligated to Defendants under the Policy.  Specifically, USLI seeks a declaratory judgment that it has no obligation to defend or indemnify Defendants under the Policy based upon the application AB Exclusion of the Policy.

WHEREFORE, USLI respectfully requests that this Court enter an Order:

1.    Declaring that USLI has no obligation to defend or indemnify Defendants in connection with the liability and damages asserted in the Mungin Action pursuant to the terms of the Policy;

2.    Allowing a trial by jury on any material issues of fact; and

3.    For such other and further relief as this Court deems just and proper.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/s/ John C. Bonnie*
John C. Bonnie (District Court Id. No. 9311)
SC Bar No. 62997
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9514
jbonnie@wwhgd.com
*Attorney for United States Liability*
*Insurance Company*

May 19, 2023
Atlanta, Georgia